UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON JAYWANN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:20-cv-00337-AMM-JHE |
| ) | |
| LEON BOLLING, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Brandon Jaywann Johnson filed an amended *pro se* complaint in which he alleges violations of his rights while incarcerated in the Donaldson Correctional Facility.[1] (Doc. 10). Plaintiff names as defendants Warden Leon Bolling, Warden Kenneth Peters, Classification Specialist Hayes, Classification Specialist Bonner, Classification Specialist Betty Stevenson, Classification Director Casandra Conway, Psychological Associate Ms. Moore, Lieutenant Michael Wheat, Warden Gwen Givens, Correctional Officer Thaddeus Clarke, Sergeant Richard Godsey, Commissioner Jefferson Dunn, Sergeant William Patrick, and the Classification Review Board. (Doc. 1 at 2-3, 11).[2] Plaintiff seeks monetary damages and to have the named defendants fired from their jobs. (Doc. 10 at 5). In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a

---

[1] According to the Alabama Department of Corrections, Plaintiff has been transferred to Limestone Correctional Facility. Plaintiff has not updated his address of record with the court.

[2] Although Plaintiff was instructed that his amended complaint would replace his original complaint (*see* doc. 6 at 6), the amended complaint names as defendants only Michael Wheat and Thaddeus Clarke, but then includes "et al." (Doc. 10 at 1, 2). Thus, Plaintiff appears to restate his claims against the originally named defendants in his amended complaint. *See e.g., Lane v. Philbin*, 835 F.3d 1302, 1305 n.1 (11th Cir. 2016) (noting that, although unusual, the court may construe an amended complaint as supplementing, rather than replacing, the original complaint).

preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and is liberally construed. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). However, it still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

Plaintiff asserts that on February 3, 2020, inmate Chris Baxter and another unknown inmate assaulted him. (Doc. 10 at 11). During this altercation, "an unknown liquid got dashed in the face of Inmate Baxter" and "he had to be transported to an outside medical facility for treatment." (*Id*. at 12). Baxter told non-party Officer Jackson that Plaintiff had assaulted him. (*Id.*). Relying on this false information, Jackson, along with non-party Officer Johnson and defendant Officer Thaddeus Clarke, arrested Plaintiff. (*Id.*). Based on Clarke's instructions, Jackson handcuffed Plaintiff to a "rock" inside the east side gym's cage. (*Id.*). Several hours later, non-party Sgt. Harrison escorted Plaintiff to the infirmary for a body chart, which reflected injuries to Plaintiff's forehead and right wrist. (*Id*. at 13). Non-party Officer Smith then escorted Plaintiff to a segregation cell with no working lights, and non-party Officer Head confiscated Plaintiff's property. (*Id*).

On February 6, 2020, non-party Officer Oden took Plaintiff to the segregation unit corridor, where defendant Lieutenant Michael Wheat asked Plaintiff if he was prepared for a disciplinary

hearing. (Doc. 10 at 13-14). Plaintiff stated he had not been served with a notice of disciplinary action and asked defendant Wheat what the charges were. (*Id*. at 14). Wheat inquired whether defendant Clarke had served Plaintiff with a disciplinary notice, and Plaintiff responded, "no." (*Id*.). Defendant Wheat accused Plaintiff of "trying to play crazy," then stated, "I got you. I'm gonna give you something to tell them lawyers." (*Id.* at 14-15). Wheat then ordered Oden to return Plaintiff to his cell. (*Id*., at 15). Later the same night, non-party Officer Torteri served Plaintiff with a final copy of a disciplinary action signed and approved by defendant Warden Kenneth Peters.³ (*Id.*).

Plaintiff asserts Officer Clarke never served him with a notice of a disciplinary action for assault on another inmate, and he did not appear at a disciplinary hearing on February 6, 2020. (Doc. 10 at 15). He further alleges that defendant Sergeant William Patrick did not appear at a disciplinary hearing against Plaintiff. (*Id*. at 16). Defendant Peters did not allow the required twenty-four hours between the non-existent hearing and approving the findings of defendant Wheat. (*Id.*). Also, on February 6, 2020, Plaintiff filed a complaint with defendant Warden Gwen Givens, but she returned the complaint stating that she did not accept letters from inmates. (*Id*.).

On March 4, 2020, at his custody review hearing, Plaintiff was moved to "closed custody," despite testimony from another inmate that Baxter assaulted Plaintiff moments before the unknown liquid was thrown in Baxter's face. (Doc. 10 at 16-17). Instead, the classification review board accepted the result of the "bogus" disciplinary hearing. (*Id*. at 17).

---

³ Although Plaintiff refers to "Warden Kenneth Peterson" as signing the disciplinary action (doc. 10 at 15), Plaintiff names "Warden Kenneth Peters" as a defendant (doc. 1 at 11) and refers to "Kenneth Peters" at multiple other places in his amended complaint. On that basis, the undersigned refers to the individual who approved the disciplinary action as "Warden Kenneth Peters."

4

Plaintiff asserts the foregoing all occurred in retaliation for his participation in the *Braggs v. Dunn* litigation. (Doc. 10 at 11; *see Braggs v. Dunn*, Case No. 2:14-cv-00601-WKW (M.D. Ala.)). In May 2020, Plaintiff had a conference call with an attorney from the Southern Poverty Law Center. (*Id.* at 18). Defendant Wheat refused to leave the room to allow Plaintiff to have a private conversation with the attorney regarding the *Braggs* litigation, until Warden Peters ordered Wheat to leave. (*Id.*). Since then, Plaintiff has declined to continue his participation in the *Braggs* case because he fears further retaliation. (*Id.*).

Based on the foregoing, Plaintiff asserts claims for retaliation and violation of his procedural due process rights. (Doc. 10 at 3).

### III. Analysis

#### A. Supervisory Claims

To the extent Plaintiff named defendants Dunn, Bolling, Bonner, Conway, and Givens in their capacity as supervisors, those claims are due to be dismissed. Supervisors are "not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)); *see also Case v. Riley*, 270 F. App'x 908, 911 (11th Cir. 2008) ("claims against supervisory personnel who did not personally participate in the acts complained of are not actionable under § 1983"). To bring a claim against a defendant in his or her role as a supervisor, a plaintiff must allege either that the supervisor personally participated in the unconstitutional conduct or show a causal connection between the supervisor's actions and the alleged constitutional violation. *Magwood v. Sec'y, Fla. Dep't of Corr.*, 652 F. App'x 841, 844 (11th Cir. 2016) (citing *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)).

A causal connection may be established when (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citing *Cottone*, 326 F.3d at 1360).

Here, neither the complaint nor the amended complaint contains any allegations against supervisory defendants Commissioner Jefferson Dunn, Warden Leon Bolling, Classification Supervisor Ms. Bonner, and Classification Director Casandra Conway. To the extent Plaintiff names Warden Givens based on her refusal to address his complaints, this does not demonstrate that Givens either directed her subordinates to act unlawfully or knew that the subordinates would do so and failed to stop them. Absent some allegation that Givens sanctioned, participated in, or was otherwise affirmatively linked to the actions giving rise to Plaintiff's claims, any claims against Givens must be dismissed. Accordingly, Plaintiff's allegations against defendants Dunn, Bolling, Bonner, Conway, and Givens fail to state a claim upon which relief may be granted and should be dismissed.

### B. Classification Claims

Plaintiff asserts his classification changed to "close custody" based on the findings from the allegedly non-existent disciplinary hearing. A prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekora*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (stating that the day to day functioning of state prisons is

6

not the business of federal judges). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in and of itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *see also Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Hence, the Eleventh Circuit observed that the Supreme Court

> has found no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different prison facility, *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Montanye v. Haymes,* 427 U.S. 236 (1976); in the transfer of a prisoner from the general prison population to administrative confinement, *Hewitt v. Helms*, 459 U.S. 460 (1983); [or] in the transfer of a prisoner from a less restrictive facility to a more restrictive facility, *Meachum v. Fano*, 427 U.S. 215, *reh'g denied*, 429 U.S. 873 (1976).

*Whitehorn v. Harrelson*, 758 F.2d 1416, 1420 (11th Cir. 1985).

In Alabama, prisoners have no constitutionally protected interest in the procedures affecting their classification, because the resulting restraint, without more, does not impose "atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (holding a prisoner "has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison."); *Kincaid v. Duckworth*, 689 F.2d 702, 704 (7th Cir.) (holding that "any expectation an inmate may have in being considered for a lower security clearance is too insubstantial to rise to the level of due process protection") *cert. denied*, 461 U.S. 946 (1983).

Because Plaintiff does not have a constitutionally protected interest in the procedures affecting his classification or the specific classification itself, Plaintiff cannot sustain a claim due

to the change of his classification. For this reason, Plaintiff fails to state claims against defendants Classification Specialists Stevenson and Hayes or against the Classification Review Board, and these claims are due to be dismissed.

### C. Due Process Claims

Procedural due process for prisoners facing disciplinary actions requires "(1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Young v. Jones*, 37 F.3d 1457, 1459-60 (11th Cir. 1994). However, these procedures are only required for state actions that impose some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

To the extent Plaintiff asserts the charges against him were unfounded, that allegation fails to state a claim upon which relief may be granted. A frivolous or even a patently false report, standing alone, does not violate any constitutional right. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (neither falsity of charges nor impropriety of individuals' participation in grievance procedures states a constitutional claim); *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (prison inmate has no constitutionally guaranteed right against being falsely accused). Procedural due process is concerned with the disciplinary process stemming from the report and not the report's veracity. *Freeman*, 808 F.2d at 951; *see also O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011) ("Whether an inmate actually committed the charged infraction or whether the

disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel.").

Notwithstanding, Plaintiff's claims concerning the process itself raises a claim. He asserts that, knowing he had not been served with a disciplinary action, defendant Wheat failed to rectify the lack of notification. Plaintiff further asserts that Wheat then completed a disciplinary report as if a hearing had occurred, although no hearing was held. This alleges a procedural due process violation for which defendant Wheat should answer. *See e.g., Wolff*, 418 U.S. at 571 n.19 (stating that before imposition of solitary confinement, a prisoner should receive "minimal procedural safeguards as a hedge against arbitrary determination of the factual predicate for imposition of the sentence.").

To the extent Plaintiff attempts to bring a due process claim against defendant Warden Peters for failing to wait twenty-four hours before approving the disciplinary action (doc. 10 at 16), that allegation fails to state a claim upon which relief can be granted. No constitutional right to twenty-four hours between the hearing and the approval of the findings by a warden exists. This claim is due to be dismissed.

**D. Retaliation Claims**

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). An inmate raises a First Amendment claim of retaliation by showing that a prison official disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment. *Id.* (citing *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989)). To prevail on a claim for retaliation under the First Amendment, a prisoner must establish that "(1) he engaged in

9

constitutionally protected conduct; (2) the defendant's retaliatory act adversely affected the protected conduct; and (3) there is a causal connection between the retaliatory act and the adverse effect on the conduct." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013). Such a causal connection may be shown by a chronology of events that create a plausible inference of retaliation. *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Should a plaintiff satisfy this burden, demonstrating that his protected conduct was a motivating factor behind the harm, the burden shifts to the defendant to demonstrate that he would have taken the same action in absence of the protected activity. *Smith*, 713 F.3d at 1063.

Participation in litigation qualifies as a protected activity. Thus, to prevail on a claim for retaliation, Plaintiff must show that a defendant retaliated against him for his prior protected activity, specifically his participation in the *Braggs v. Dunn* litigation. As to the second element, the court must determine whether the discipline the prisoner received "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005); *see also Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007) (holding that "a plaintiff need not show that his own exercise of First Amendment rights have been chilled, but instead a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights."). The receipt of a disciplinary action satisfies this element. Plaintiff asserts he has ceased his participation in the *Braggs* litigation due to his fear of retaliation. Additionally, as to the requirement of causation, Plaintiff asserts that, upon informing Wheat he had not received notice of the disciplinary hearing, Wheat responded, "I got you. I'm gonna give you something to tell them lawyers." (Doc. 10 at 14-15). Plaintiff further alleges that

10

in May 2020, Wheat refused to leave the room so that Plaintiff could have a private conversation with an attorney concerning that litigation. (*Id*. at 18). These assertions, taken as true and construed in the light most favorable to Plaintiff, are sufficient to require defendant Wheat to answer Plaintiff's claim of retaliation.

### E. Defendants Against Whom No Claim is Stated

Plaintiff lists as defendants psychological associate Ms. Moore, Sergeant William Patrick, Sgt. Richard Godsey, and Thaddeus Clarke, but states no claims against them. A complaint cannot state a claim against a named defendant when it fails to provide facts specifically associating that defendant with any alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Authority*, 621 F.2d 33, 36 (1st Cir. 1980) ("while we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

In the amended complaint, Plaintiff does not state any allegations at all against defendants Moore or Godsey. As to defendant Clarke, Plaintiff asserts that, based on inmate Baxter's false accusations, defendant Clarke ordered Officer Jackson to place Plaintiff in restraints in the east side gym. (Doc. 10 at 12). He asserts he told defendant Wheat that Clarke did not serve him with a disciplinary action. (*Id*. at 14). Plaintiff states Clarke told him that Wheat called Clarke at home on February 6, 2020, and Clarke told Wheat he had not served Plaintiff. (*Id*. at 15). Similarly, Plaintiff alleges that defendant Patrick told him that he (Patrick) never appeared at a disciplinary hearing against Plaintiff. (*Id*. at 16). Nothing in the foregoing alleges any constitutional wrongdoing by defendants Clarke or Patrick. Because no cause of action is stated against these individuals, they are due to be dismissed from this case pursuant to 28 U.S.C. §§ 1915A and

1915(e).  *See e.g., Terry v. Bailey*, 376 F. App'x 894, 895 n.2 (11th Cir. 2010) (observing that the finding of no constitutional violation requires dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.).

### IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** against all defendants except for Plaintiff's procedural due process and retaliation claim against defendant Lieutenant Michael Wheat.  The undersigned **FURTHER RECOMMENDS** that Plaintiff's claims for violation of his procedural due process right and retaliation against defendant Wheat be **REFERRED BACK** to the undersigned for further action consistent with this report.

### V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may

review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

Upon receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 28th day of August, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE