# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRANDON JAYWANN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-00337-AMM-JHE |
| ) | |
| LT. MICHAEL WHEAT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation on January 10, 2022, recommending defendant Michael Wheat's motion for summary judgment, Doc. 22, be granted. Doc. 41. The plaintiff, Brandon Jaywann Johnson, filed timely objections to the report and recommendation. Doc. 42.

Mr. Johnson's objections are twofold: First, he asserts that Lt. Wheat violated his due process rights by falsifying documents to reflect a disciplinary hearing occurred when, in actuality, it did not. Doc. 42 at 2. Next, he alleges that Lt. Wheat's actions were in retaliation for Mr. Johnson's participation in the 2014 case of *Braggs v. Dunn*, Case No. 2:14-cv-601-WKW (M.D. Ala.). Doc. 42 at 7.

### I. The Due Process Objection

Mr. Johnson asserts Lt. Wheat violated his constitutional right to notice and a hearing before discipline is imposed and that as a result, he was placed in segregation

and his custody level was increased. Doc. 42 at 2. He alleges that, through discovery, he could establish the disciplinary hearing never occurred, despite Lt. Wheat's claim otherwise. Doc. 42 at 3, 5.

But even accepting Mr. Johnson's allegation that the disciplinary hearing never occurred, Mr. Johnson's procedural due process claim fails. The Due Process Clause does not, by itself, establish a "liberty interest in freedom from state action taken within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (cleaned up). The Eleventh Circuit recently reiterated that only two situations exist where a prisoner is deprived of his liberty such that due process is required. *Morrall v. Warden*, 859 F. App'x 883, 884 (11th Cir. 2021) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999)). The Court explained:

> First, a prisoner is entitled to due process when a change in his condition of confinement "is so severe that it essentially exceeds the sentence imposed by the court." [*Kirby*, 195 F. 3d] at 1291. Second, a prisoner has a liberty interest where the state has consistently provided a benefit to a prisoner and deprivation of that benefit imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quotation marks omitted); *see also Sandin*, 515 U.S. at 484–86. The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence")[.]

*Morrall*, 859 F. App'x at 884.

Whether or not Lt. Wheat complied with prison regulations in conducting a hearing does not impact the plaintiff's due process rights. The Due Process Clause does not create a liberty interest in the "mandatory" language of prison rules and regulations. *Sandin*, 515 U.S. at 482–84; *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) (holding that "[s]tate-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory[]" (cleaned up)).

Here, accepting all of Mr. Johnson's allegations as true, including that he was placed in thirty days segregation without receiving a hearing, he fails to allege a violation of the Fourteenth Amendment. *See Morrall*, 859 F. App'x at 884–85 (concluding that "accepting as true Morrall's allegations that he was placed on long-term lockdown without receiving a hearing, as provided for by the prison's operating procedure, the district court did not err in dismissing his complaint because those policies did not create an enforceable liberty interest"). The Constitution "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.").

A temporary assignment to disciplinary segregation with or without a hearing does not violate any constitutional right. In several factually similar cases, the Eleventh Circuit has confirmed this holding. For example, in *Hoever v. Belleis*, 703 F. App'x 908 (11th Cir. 2017), where the plaintiff alleged he was denied the right to call witnesses during a disciplinary hearing and punished without receiving proper process, the Court held Hoever did not have "a protected liberty interest that entitled him to procedural protections," because "discipline by prison officials in response to Hoever's misconduct falls within the expected perimeters of prison life and did not implicate the liberty interests protected by the Due Process Clause." *Id*. at 910 (citing *Sandin*, 515 U.S at 485, 487) (cleaned up); *see also Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) ("[T]he Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement . . . as long as the condition to which the prisoner is subjected is not otherwise violative of the Constitution or outside the sentence imposed upon him . . . .")); *Turner v. Warden, GDCP*, 650 F. App'x 695, 699–700 (11th Cir. 2016) ("Because Plaintiff was only placed in a more restrictive section of the prison, he has failed to show that his incarceration in the SMU exceeded the sentence imposed by the court."); *Moulds v. Bullard*, 452 F. App'x 851, 854–55 (11th Cir. 2011) (holding that the plaintiff's punishment—temporary loss of privileges and disciplinary confinement—did not constitute the deprivation of a constitutionally protected liberty interest, and that the

4

plaintiff "would only be constitutionally entitled to procedural due process if he were deprived of a protected liberty interest").

Stated succinctly, when disciplinary segregation "basically mirrors the conditions imposed upon inmates in administrative segregation and protective custody, it does not present the type of atypical, significant deprivation in which a state might . . . create a liberty interest." *Delgiudice v. Primus*, 679 F. App'x 944, 948 (11th Cir. 2017). Because Mr. Johnson does not allege his segregation conditions varied greatly from his housing otherwise, he shows no entitlement to the protections of the Due Process Clause.

Mr. Johnson's claim that the disciplinary action increased his custody level, Doc. 42 at 2, also fails to support a constitutionally protected right under the Due Process Clause. An inmate in the Alabama prison system has "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald,* 286 F. A'ppx 674, 676 (11th Cir. 2008) (per curiam) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)) (noting that Congress has given prison officials full discretion to control conditions of confinement, including prisoner classification). Because Mr. Johnson has no constitutional right to a specific classification, the increase in his custody level does not state an actionable claim.

## II. Objections Based on Retaliation

Mr. Johnson also objects to the conclusion that he failed to establish any causal connection between his alleged lack of a disciplinary hearing in February 2020 and his participation in the *Braggs* litigation. Doc. 42 at 8. Mr. Johnson argues he can prove he did not receive a hearing in February 2020 in retaliation for his *Braggs* participation because in May 2020, Lt. Wheat refused to leave the conference room so Mr. Johnson could speak with his attorney. Doc. 42 at 8.

To prevail on a claim for First Amendment retaliation, a prisoner must establish that "(1) he engaged in constitutionally protected conduct; (2) the defendant's retaliatory act adversely affected the protected conduct; and (3) there is a causal connection between the retaliatory act and the adverse effect on the conduct." *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citation omitted). For the causal connection element, the plaintiff's allegations must support a plausible finding the defendant was "subjectively motivated to discipline because [the plaintiff] complained of some of the conditions of his confinement." *Siskos v. Sec'y, Dep't of Corrs.*, 817 F. App'x 760, 764 (11th Cir. 2020) (cleaned up); *see also Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008) (holding that a plaintiff must establish that "his protected conduct was a motivating factor behind the harm") (cleaned up); *Jemison v. Wise,* 386 F. App'x 961, 965 (11th Cir. 2010) (holding that a "prisoner must show that, as a subjective matter, a motivation for the

6

defendant's adverse action was the prisoner's grievance or lawsuit"). A plaintiff must do more than make "general attacks" on a defendant's motivations but must instead articulate "affirmative evidence" of retaliation to prove the requisite motive. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)).

Missing from Mr. Johnson's pleadings is any fact upon which a causal connection could lie between the alleged February and/or May 2020 incident and Mr. Johnson's participation in the *Braggs* litigation.

Mr. Johnson rests his entire claim on Lt. Wheat's comment, "Oh I see what's going on here, [you're] trying to play crazy. I got you. I'm gonna give you something to tell them lawyers." Doc. 42 at 7. Mr. Johnson extrapolates from this comment that Lt. Wheat failed to conduct a disciplinary hearing in compliance with the *Wolff* [1] protections because Mr. Johnson participated in the *Braggs* litigation. Doc. 42 at 7. But Mr. Johnson fails to support this argument with any evidence, and no such inference would be reasonable. A connection between the *Braggs* litigation, ongoing since 2014, and Lt. Wheat's alleged failure to provide him with an opportunity to be heard in February 2020 would require a finding that Lt. Wheat waited more than five

---

[1] *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974), requires the following procedural due process for prisoners facing disciplinary actions: (1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals.

7

years from when *Braggs* was filed, until another inmate claimed Mr. Johnson assaulted him, and Mr. Johnson was charged with a disciplinary infraction by another officer, Lt. Wheat then received the hearing officer assignment and seized the opportunity to deny Mr. Johnson his right to notice and a hearing before finding him guilty of the charges, even though the resulting disciplinary action then had to be approved by a Warden. That string of assumptions is not "plausible on its face." *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (cleaned up).

Further, Mr. Johnson fails to set forth any motive for Lt. Wheat to retaliate against him based on Mr. Johnson's participation in the *Braggs* litigation. *See e.g., Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (requiring a plaintiff demonstrate "more than the prisoner's personal belief that he is the victim of retaliation") (cleaned up). Mr. Johnson does not allege Lt. Wheat is a named defendant in that action, has any stake in that litigation, or has any discernible connection to it other than as an employee of the Alabama Department of Corrections. Mr. Johnson fails to produce any evidence to support a finding that Wheat was "motivated to discipline him" based on his participation in that case. *See Siskos*, 817 F. App'x at 765 (finding where a prisoner claimed retaliation after filing a § 2254 petition concerning prison conditions, he failed to demonstrate a causal connection between the petition and receiving disciplinary lockdown, because he

failed to show the defendants were motivated to discipline him as a result of his earlier petition).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court **OVERRULES** Mr. Johnson's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. The court finds that there are no genuine issues of material fact, and that defendant Lt. Wheat is entitled to judgment in his favor as a matter of law. Accordingly, the court shall **ORDER** that defendant Lt. Wheat's motion for summary judgment be **GRANTED**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 23rd day of February, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE